**UNITED STATES of America,**

v.

**Juan Antonio Lopez FALCONE,
Appellant.**

No. 03–1247.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit LAR
34.1(a) on Jan. 26, 2004.

Decided Feb. 2, 2004.

Gail Zweig, Gail Zweig, Office of United States Attorney, Newark, NJ, for Appellee.

Juan Antonio Lopez Falcone, Miami, FL, for Appellant.

Before NYGAARD, FUENTES, and STAPLETON, Circuit Judges.

## OPINION OF THE COURT

NYGAARD, Circuit Judge.

Appellant, Juan Antonio Lopez–Falcone, pleaded guilty to filing fraudulent claims to Medicare, a violation of 18 U.S.C. § 371. Lopez–Falcone was sentenced to three years probation, and was ordered to pay restitution in the amount of $46,872.00.

A notice of appeal was timely filed and we appointed James C. Patton, Esq. to represent the Appellant. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asking this court to allow him to withdraw because he is unable to identify any non-frivolous issues for our review. Lopez–Falcone did not file a pro se brief.

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. We will grant counsel's motion to withdraw and affirm the District Court's judgment of sentence.

As is required under *Anders*, Lopez–Falcone's counsel directed us to portions of the record that might arguably support an appeal. Counsel pointed to one possible issue, namely, whether the District Court conducted a sufficiently thorough plea hearing.

The plea hearing conducted by the District Court complied with Rule 11 of the Federal Rules of Criminal Procedure and was, therefore, sufficiently thorough. *See United States v. Tannis*, 942 F.2d 196 (3d Cir.1991). The record reflects that the District Court took every opportunity to make certain that Lopez–Falcone understood the charges against him, and the rights he was forfeiting by pleading guilty. The District Court also informed Lopez–Falcone of the maximum penalties he would face as a result of his guilty plea.

Moreover, the record in this matter reflects the District Court's efforts to ensure that there was an adequate factual basis for Lopez–Falcone's guilty plea by personally questioning him regarding the facts of the case. See Fed.R.Crim.P. 11(f).

Furthermore, our independent review of the record satisfies us that Lopez–Falcone's sentence was legally imposed. The District Court correctly determined the range under the Sentencing Guidelines and stated, in detail, the reasons for imposing its sentence.

In conclusion, because Lopez–Falcone's plea proceeding was proper and his sentence legal, we will GRANT counsel's request to withdraw. Inasmuch as we find that the issues raised in counsel's brief are without merit, we will AFFIRM the judgment of sentence entered by the District Court.